## UNITED STATES v. KRAUT et al.

District Court, S. D. New York.

Dec. 8, 1932.

Maxwell Shapiro, of New York City, for defendant Kraut.

George Z. Medalie, U. S. Atty., and Henry Gerson, Asst. U. S. Atty., both of New York City.

THOMAS, District Judge.

The matter now before the court is a motion to reargue a motion to dismiss counts 2 to 9, inclusive, made on behalf of the defendant Kraut at the beginning of the third trial at which Kraut was charged with the sale of narcotic drugs. Former jeopardy was the ground upon which all the former motions were predicated as well as the motion now before the court.

The record shows that these defendants were indicted in nine counts in October, 1931, charged with various violations of the Harrison Narcotic Act (26 USCA §§ 211, 691, et seq.). They were first tried in November, 1931, which trial resulted in a disagreement of the jury. Early in January, 1932, they were again called to the bar to answer the same nine counts of the indictment, and the trial was before Judge Coleman and a jury. All of the evidence on all nine counts was submitted by the government and by these defendants, and summations by the attorneys representing all parties were concluded. At the end of that trial, the presiding judge withdrew from the consideration of the jury all of the counts set forth in the indictment except count numbered 1. In addressing counsel, as appears from the stenographer's minutes, Judge Coleman said: "Gentlemen, it is my intention to ask you to confine yourselves to the first count of the indictment, not that the other counts were not wholly proved, and while the other counts have not been eliminated, I have suggested that the proof be more closely confined to the first count for simplification of the issues; and if these defendants are guilty of anything, they are guilty on the first count; and if they are not guilty on the first count probably they are not guilty of anything, and, a conviction on the first count will be sufficient for the purpose of justice, but the jury are to consider all the evidence, even of the other transactions, so you can have that in mind. I am going to direct them to consider all the evidence, but the only count I am going to sub-

mit to the jury, purely as a matter of expediency, is the first count, so that the jury will not have to consider a lot of things that might confuse. They are to consider the entire evidence of the other transactions in determining whether or not the defendants were guilty on the first count."

In charging the jury, the court directed them as follows: "The issue that you are to decide I have simplified considerably. It seems to me that it could all be decided with reference to one count rather than to submit to you nine counts. If they are guilty at all, they are guilty on that first count; if they are not guilty of that, then perhaps they are not guilty of anything, so I am only going to submit to you the first count in the indictment."

The jury again disagreed and rendered no verdict and was dismissed by the Court.

The third trial upon all of the nine counts began before me on January 29, 1932, and was concluded on February 3d. At the very beginning of the trial counsel for the defendants made a motion to dismiss counts 2 to 9, inclusive, on the ground of former jeopardy, which motion was denied. At the conclusion of the government's case and again at the end of the defendants' case, the defendants renewed their motions, and again these motions were denied.

After the government rested, the court then dismissed counts 2, 4, 6, and 8 of the indictment, and at the end of the case submitted to the jury counts 1, 3, 5, 7, and 9; and the jury returned a verdict of guilty on the counts submitted. Counsel for defendants thereupon moved to set aside the verdict as to counts 3, 5, 7, and 9 on the ground of former jeopardy, which motion was again denied, and to all of the adverse rulings of the court the defendants duly excepted, which exceptions were noted and allowed. Defendant Kraut has now filed written motion to reargue the various oral motions to dismiss counts 3, 5, 7, and 9 which were made from time to time as the third trial progressed.

At the outset some question is raised by the United States attorney as to the validity of the procedure adopted by counsel for the defendants. The objection is predicated upon the authority of Levin et al. v. United States (C. C. A.) 5 F.(2d) 598. In that case, however, the court pointed out the distinction between double punishment and double jeopardy, and held that immunity from double jeopardy is a personal privilege which may be waived, that waiver may be either express or implied, and that there is therefore an implication of waiver if the objection is not raised at the first opportunity. The assistant United States attorney asserts that the defendant is within this ruling and has waived his rights, because, as he says, this motion is really a motion in arrest of judgment, and is made too late and should have been made at the beginning of the trial.

■■ In the case at bar, I cannot possibly find that there was any waiver even if we take the view of the United States attorney that the motion under consideration should be treated as a motion in arrest of judgment. I cannot agree that the motion to reargue is a motion in arrest. The situation is just this: Counsel for Kraut as early as possible and as late as possible and all the way through the trial, wherever, and whenever correct procedure dictated, made his oral motions to dismiss all counts save count 1. Realizing that his oral motions made as the trial progressed allowed the court no time or opportunity for extended consideration of them, now files and briefs his motion to reargue in order that the court may give his claims of law mature and careful consideration and research. Such, as I view it, is the accepted procedure, and so hold that the Levin Case really has no bearing on the case now before us, and that, under the facts and circumstances as presented on this record and as above set forth, there is no room for the assertion of a waiver.

■■ The transcript of the stenographer's minutes of the proceedings had on the second trial before Judge Coleman was not before me at any time when the various motions to dismiss were made, and in fact it is asserted by the learned assistant United States attorney in his brief that he did not have them in his possession until April 21, 1932. After a careful consideration of all the facts and circumstances and after a careful reading of the stenographer's minutes of just what Judge Coleman said at the second trial which is quoted supra, the conclusion seems inevitable that the motion of the defendants with respect to all the counts, exclusive of the first count, should have been granted. This conclusion, of course, involves a finding that the defendants were put in jeopardy upon this second trial as to all of these counts, and that therefore the retrial of these defendants on counts 2 to 9, inclusive, constituted double jeopardy.

It is now well established by a preponderance of judicial opinion, that a defendant in a criminal action is put in jeopardy when he has been arraigned and placed on trial on a

valid information or indictment and before a court of competent jurisdiction. Of course, being put on trial involves the impaneling of the jury and the production of some evidence.

It may happen, nevertheless, that, by reason of some occurrence justifying the discharge of the jury before reaching a verdict, the jury may be discharged, in which case it has been held that jeopardy was not incurred or had not attached. The general rule, however, is that, when evidence has been given upon a trial in a criminal action, the jury cannot be discharged before the rendition of verdict except in cases of necessity. If a jury is discharged by reason of such necessity, then the plea of former jeopardy will not prevail at a subsequent trial.

"Necessity" is, of course, a somewhat elusive and expansive term, but there are well-defined limitations upon it. If the jury is unable to agree after adequately protracted deliberation, or if, through some misconduct of a juror, it has become disqualified from rendering a verdict or if the defendant is prevented from attending his own trial, or if the court is compelled by law to adjourn before the jury reaches a verdict, then a case of necessity exists, and the discharge of the jury under such circumstances will not serve to bulwark a plea of former jeopardy.

In the instant case, however, the withdrawal of the eight counts from the consideration of the jury at the second trial can hardly have been claimed to be actuated by any necessity, urgent or otherwise. In the language of the presiding judge, it was done " * * * purely as a matter of expediency." From that point of view there may have been ample justification for the action of the court. But the fact that there was such justification from such a point of view is not adequate to countervail the plea of former jeopardy subsequently made by counsel for defendant.

I cannot see any distinction between a direction withdrawing various counts from the consideration of the jury and a direction discharging the jury from consideration of a single count where the indictment is set forth in only one count. These nine counts in this indictment constituted nine separate and distinct causes of criminal action against this defendant. They were comprehended within a single indictment. They might have been charged in single counts in nine separate indictments. I am therefore constrained to hold that the action of the judge who presided at the second trial in withdrawing eight of the nine counts from the consideration of

the jury after defendants had rested their case was equivalent to the dismissal of eight counts exactly as if they had been set up in separate indictments.

I am the more persuaded of the cogency of this conclusion when I come to consider the probable line of conduct on the part of the court and the government in the event that there had been no disagreement upon the second trial and the issues had gone to verdict. If on that second trial the jury had brought in a verdict as to that first count, and whether guilty or not guilty is immaterial, the assumption is incredible that, after the rendition of a verdict, it would have still been open to the government to proceed to a trial of the defendants on all the remaining eight counts of the indictment. I cannot find that the action of the jury in disagreeing as to the only count which they had before them for consideration makes any difference as to the legal disposition of the other eight counts.

An order should therefore be submitted in accordance with this memorandum, and the defendants brought before the court for re-sentence.