STATE OF MARYLAND *v.* DONALD NELSON
RHODES

[No. 968, September Term, 1976.]

*Decided May 18, 1977.*

The cause was submitted on briefs to GILBERT, C. J., and
MOYLAN and MASON, JJ.

Submitted by *Francis B. Burch, Attorney General,
Alexander L. Cummings, Assistant Attorney General,
Lawrence V. Kelly, State's Attorney for Allegany County,*
and *Michael R. Burkey, Assistant State's Attorney for
Allegany County,* for appellant.

Submitted by *Gary G. Leasure* for appellee.

GILBERT, C. J., delivered the opinion of the Court.

The Fifth Amendment to the Constitution of the United
States, made applicable to the several States through the

Fourteenth Amendment, forbids the placing of a defendant twice in jeopardy for the same offense. *Benton v. Maryland*, 395 U. S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707 (1969); *Blondes v. State*, 273 Md. 435, 330 A. 2d 169 (1975), *rev'g on other grounds*, 19 Md. App. 714, 314 A. 2d 746 (1974); *Neal v. State*, 272 Md. 323, 322 A. 2d 887 (1974); *Cornish v. State*, 272 Md. 312, 322 A. 2d 880 (1974); *In re Anderson*, 272 Md. 85, 321 A. 2d 516 (1974); *Baker v. State*, 15 Md. App. 73, 239 A. 2d 348, *cert. denied*, 265 Md. 744 (1972).

Jeopardy in a jury trial attaches when the jury is selected and sworn, *Illinois v. Somerville*, 410 U. S. 458, 93 S. Ct. 1066, 35 L.Ed.2d 425 (1973); *United States v. Jorn*, 400 U. S. 470, 91 S. Ct. 547, 27 L.Ed.2d 543 (1971); *Blondes v. State*, 273 Md. at 444, 330 A. 2d at 173; *Neal v. State*, 272 Md. at 327, 322 A. 2d 889; *Blondes v. State*, 19 Md. App. at 733, 314 A. 2d at 758; Hochheimer, *The Law of Crimes and Criminal Procedure* § 71 (1897); 3 *Wharton's Criminal Evidence* § 655 (13th ed. C. Torcia 1973), and in a nonjury trial the "normal rule" is that jeopardy fastens when the trial commences, *i.e.*, when the judge begins either to hear testimony or to receive evidence. *Blondes v. State*, 273 Md. at 444, 330 A. 2d at 174; *Blondes v. State*, 19 Md. App. at 733-34, 314 A. 2d at 758.

The Court of Appeals, in *Blondes v. State*, 273 Md. at 444-45, 330 A. 2d at 174, neither expressly adopted nor rejected the "normal rule," but pointed out that there was a minority view that jeopardy attached "when the first witness is sworn." It was unnecessary in *Blondes* for the Court to opt for either view in the light of the facts of that case because by either standard jeopardy would have attached. *Id.* at 446, 330 A. 2d at 175.

As in *Blondes*, we need not and do not decide whether Maryland will follow the normal or the minority view, for the ultimate result is the same whichever avenue we travel.

On August 25, 1976, the District Court of Maryland for Allegany County issued an arrest warrant for the apprehension of Donald Nelson Rhodes, appellee. Rhodes was charged with assault and disturbing the peace. The

complainant named in the warrant was one Janet Jackson. Appellee was the complainant against one Alfred Wheeler for similar offenses arising out of the same circumstances, and a warrant for Wheeler's arrest was also issued on or about the same time.

Appellee's trial before the District Court was scheduled for September 10, 1976, but the case was continued because on that date appellee and the State "stipulated" that appellee and complainant Jackson should submit to polygraph tests. The results of the tests are not reflected in the record.

Approximately two weeks later, the appellee, Miss Jackson, and Mr. Wheeler all appeared in the District Court. The unusual happenings of that event have given rise to this appeal. The case was not set for trial at that time, and neither the prosecutor nor defense counsel was there. After the completion of the trial of an unrelated civil case in which none of the parties was involved, someone approached the judge and advised him that the trio of Rhodes, Jackson, and Wheeler wanted to dismiss the cases. Apparently, the judge was not informed that the trio had earlier gone to the State's Attorney's office and made the same request where it was rejected.

In any event, the record before us shows that the proceedings in the District Court "were something to this effect:"

> "[The Court:] 'Mr. Wheeler, I understand that Mr. Rhodes wants to dismiss the charge, is that correct?'
>
> [Mr. Wheeler:] 'That's correct.'
>
> [The Court:] 'In that case the case will be dismissed.' "

Thereafter, with respect to the Jackson-Rhodes complaint, the record quotes the State's Attorney's recollection of the proceedings as follows:

> "[The Court:] 'Are you Miss Jackson, the complaining witness?'

She said — she answered in the affirmative.

. . . [The Court] said, 'It's my understanding that you wish to dismiss the charges against Mr. Rhodes?'

You can't exactly tell, it's a bit murmured, mumbled, obviously in the affirmative, because the Judge responded:

[The Court:] 'Well in that case the State of Maryland v. Donald Nelson Rhodes will be dismissed.' "

Later that same day, a criminal information was filed by the State's Attorney in the Circuit Court for Allegany County charging appellee with the same offenses. Appellee's motion to dismiss on the grounds of double jeopardy was granted, and the State appealed.

Obviously, the question presented is, did jeopardy attach at some stage of the happenings in the District Court?

Md. District Rule 726 provides:

"At the commencement of a trial, the court shall (a) ensure that the defendant has been given a copy of the charging document filed against him; (b) read or state the substance of each charge to him; (c) inform him, where applicable, of his right to trial by jury; and (d) thereafter, call upon him to plead to each charge."

It is safe to say in the case *sub judice* that in no respect was there adherence to the rule, so for purposes of the rule the trial did not commence.

We glean from the record that on September 10, 1976, the prosecutor and the defense, before the case was called in open court, advised the judge that they had "stipulated" that appellee and his accuser were to submit to a polygraph examination. Appellee, here and in the Circuit Court for Allegany County, quotes from *Blondes v. State*, 273 Md. at 445, 330 A. 2d at 174, which states that jeopardy ". . . could . . . [attach] when documentary evidence is submitted, *such as a stipulation* . . . ." (Emphasis supplied.) Appellee then

urges that, because of the "stipulation" that the accused and the accuser would undergo lie detector tests, jeopardy attached, and in the light of the subsequent dismissal, no further prosecution may be maintained. If, indeed, the type of stipulation to which *Blondes* refers were present in this case, we would be inclined to agree with the appellee. As we see it, however, what transpired before the District Court judge was not a "stipulation" within the meaning of *Blondes*. Therefore, jeopardy did not attach at that time or subsequently, and the trial judge erred in dismissing the criminal information.

Chief Justice Burger said in *Serfass v. United States*, 420 U. S. 377, 388, 95 S. Ct. 1055, 1062, 43 L.Ed.2d 265, 274 (1975), that "[t]he Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.' "

The case law makes crystalline that, regardless of whether the claim of double jeopardy was meritorious, a "stipulation" must be in the form of evidence, unlike that in the case at bar. *See Serfass v. United States, supra* (pretrial dismissal of indictment charging petitioner with wilfully failing to report for and submit to induction, which ruling was based on trial court's consideration of petitioner's affidavit, selective service file, and oral stipulation of counsel that petitioner had established prima facie claim for conscientious objector status); *Stevens v. State,* 27 Md. App. 460, 340 A. 2d 717 (1975) (stipulated factual recitation); *State v. Pittsburg Paving Brick Co.,* 117 Kan. 192, 230 P. 1035 (1924) (agreed statement of facts summarized by counsel for the court, which set the statement aside and scheduled another trial); *In re Nolan v. Court of General Sessions,* 11 N.Y.2d 114, 227 N.Y.S.2d 1 (1962) (hung jury forced second trial at which the parties stipulated, *inter alia,* to the judge's trying the case entirely on the record of the first trial).

The State contends that a claim of double jeopardy is without merit because the District Court judge's *sua sponte*

dismissal of the case was unauthorized in that Md. District Rules 711, 718, 723, 742, and 755 were violated.

We are loath to characterize the events that occurred in the District Court as "proceedings," but by whatever name they are called, it is perspicuous that the appellee was not, in the words of *Serfass*, "put to trial before the trier of facts." Indeed, he was never even called upon to tender a plea. The happenings before the District Court are analogous to a discharge at a preliminary hearing which does not give rise to a claim of double jeopardy. *Perkins v. State*, 26 Md. App. 526, 339 A. 2d 360, *cert. denied*, 276 Md. 748 (1975).

We think the dismissal of the charges by the District Court judge, *sans* a calling to trial, *sans* a swearing of a witness, *sans* a stipulation of evidence, *sans* any suggestion of a proper legal proceedings, is at best equivalent to the dismissal, prior to trial, of an indictment. No jeopardy attached to appellee. *Bynum v. State*, 277 Md. 703, 357 A. 2d 339 (1976); *Blondes v. State*, 273 Md. 435, 330 A. 2d 169 (1975); *State v. Hunter*, 10 Md. App. 300, 270 A. 2d 343 (1970), *remanded*, 263 Md. 17, 278 A. 2d 608 (1971); *Greathouse v. State*, 5 Md. App. 675, 249 A. 2d 207 (1969); *Boone v. State*, 3 Md. App. 11, 237 A. 2d 787, *cert. denied*, 393 U. S. 872, 89 S. Ct. 161, 21 L.Ed.2d 141 (1968).

Accordingly, we shall reverse and remand the matter for trial.

> *Judgment reversed.*
> *Case remanded for further proceedings.*
> *Costs to be paid by appellee.*