72

## STATE OF MARYLAND v. JOSEPH RICHARD SUTER

[No. 189, September Term, 1977.]

*Decided November 14, 1977.*

The cause was submitted on briefs to GILBERT, C. J., and THOMPSON and MOORE, JJ.

Submitted by *Francis B. Burch, Attorney General, Kathleen M. Sweeney, Assistant Attorney General, Sandra*

A. O'Connor, State's Attorney for Baltimore County, Charles A. Ruppersberger, III, Assistant State's Attorney for Baltimore County, and David F. Mister, Assistant State's Attorney for Baltimore County, for appellant.

Submitted by *Russell J. White* for appellee.

GILBERT, C. J., delivered the opinion of the Court.

Procedure is to law what the wheel is to a cart — a necessary factor. The importance of procedure to our society, functioning under a rule of law, was well illustrated by Curtis Bok in an address at the National Book Awards in New York City on January 26, 1954. Bok said:

> "In the whole history of law and order the longest step forward was taken by primitive man, when, as if by common consent, the tribe sat down in a circle and allowed one man to speak at a time. An accused who is shouted down has no rights whatever. Unless people have an instinct for procedure, their conception of basic human rights is a waste of effort, and wherever we see a negation of those rights it can be traced to a lack, an inadequacy, or a violation of procedure. Hence procedure effectively comes first: the mechanics of argument and discovery are often set up before the rights they serve take full form in practice."

Failure by the trial judge, with the express acquiescence of the Assistant State's Attorney, to follow proper procedure in the instant case necessitates our declination to consider the State's appeal from the dismissal by the Circuit Court for Baltimore County of five indictments that had been brought against Joseph Richard Suter, a police officer of that County. Our reason for declining to consider the State's appeal is that the issues all have been mooted as a result of the procedural misstep.[1] We shall explain why this is so.

---

1. We are not to be understood as agreeing or disagreeing with the State's position on the merits. We express no opinion thereon.

The Supreme Court of the United States, speaking through Mr. Justice Rehnquist in *Illinois v. Somerville*, 410 U. S. 458, 460, 93 S. Ct. 1066, 35 L.Ed.2d 425 (1973),[2] pointed out that jeopardy attaches in a criminal trial when the jury is impaneled and sworn.[3] *See also United States v. Jorn*, 400 U. S. 470, 479-80, 91 S. Ct. 547, 27 L.Ed.2d 543 (1971); *Green v. United States*, 355 U. S. 184, 188, 78 S. Ct. 221, 2 L.Ed.2d 199 (1957); *Wade v. Hunter*, 336 U. S. 684, 688, 69 S. Ct. 834, 93 L. Ed. 974 (1949). That rule, prior to *Benton v. Maryland*, 395 U. S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707 (1969), was applied to federal but not State proceedings. *Benton*, however, held that the Fifth Amendment prohibition against former jeopardy was applicable to the States through the vehicle of the Fourteenth Amendment's Due Process Clause. *See also Blondes v. State*, 273 Md. 435, 330 A. 2d 169 (1975); *Neal v. State*, 272 Md. 323, 322 A. 2d 887 (1974); *Cornish v. State*, 272 Md. 312, 322 A. 2d 880 (1974); *State v. Rhodes*, 36 Md. App. 214, 373 A. 2d 636 (1977); *Baker v. State*, 15 Md. App. 73, 289 A. 2d 348, *cert. denied*, 265 Md. 744 (1972).

In the matter now before us, the appellee was indicted on a series of charges alleging one count of obstruction of justice, four counts of receiving stolen goods, and one count of misconduct in office.[4] Suter moved to dismiss the indictments. The reason he assigned for the dismissal of the obstruction count was that the statute of limitations

---

2. The *Somerville* case turned on the question of whether there was a "manifest necessity" to declare, over a defendant's objection, a mistrial in order for the State of Illinois to seek new and hopefully corrected indictments. The majority of a 5 to 4 decision were of the view that because Illinois law permitted only formal defects to be cured by amendment, and no evidence had been presented, the "ends of public justice" required the declaration of a mistrial. The minority were of the belief that jeopardy attached when the jury was impaneled and sworn and that it made no difference that no evidence was presented.

In any event, Maryland does not have such a stringent requirement as Illinois.

3. In a non-jury trial, jeopardy fastens when the trial commences, *i.e.*, when the judge begins to hear testimony or receive evidence. State ·v. Rhodes, 36 Md. App. 214, 215, 373 A. 2d 636, 637 (1977). *See also* Blondes v. State, 273 Md. 435, 444, 330 A. 2d 169, 174 (1975).

4. The case proceeded to trial on the misconduct charge. That matter is not before us in this appeal.

barred the prosecution of that offense. A similar reason was given for the dismissal of the receiving charges, and Suter also contended that the receiving offenses were based on allegedly receiving stolen goods from a person who had obtained them by false pretense rather than larceny.

When the case was called to trial, the judge said:

> "Motions have been filed dealing with various problems in these cases, and what I'd like to do is to select a jury and excuse the balance of the jury panel so that they can go about their business and go home, the jurors who won't be used; and then the twelve jurors that will serve on the trial panel, I can excuse them, and we can deal with these motions.
>
> "I hate to keep twenty-five people just sitting around outside the courtroom in limbo, kind of. Do you have any objection to that?
>
> MR. WHITE: [Defense Counsel] No objection, Your Honor.
>
> MR. RUPPERSBERGER: [Assistant State's Attorney] No objection, Your Honor.
>
> THE COURT: All right. Now, what I propose to do, gentlemen, is to take a plea and the — and prepare for a jury trial, then I will have the jury sworn for a voir dire examination, and I will ask them certain basic questions that would seem to be appropriate in this particular type of case.
>
> After I have done that, I will call the roll, and each juror will stand so that you can observe the appearance and demeanor of the jurors. Then, after that is done, if either counsel for the prosecution or for the defense would like to ask any other questions to the jury, you can approach the Bench and suggest that voir dire question to the Court.
>
> . . . .
>
> THE COURT: All right. All right. The Defendant prays a jury trial and pleaded not guilty to all of

these charges. Be seated. Swear the jury for voir dire questioning.

(Whereupon, the jury panels were duly sworn for voir dire examination.)

. . . .

(Whereupon, a jury panel was selected from the prospective jurors.)

THE COURT: Swear this jury.

(Whereupon, the jury panel was duly sworn.)"

The jury was then excused until the court ruled upon the motions to dismiss. All indictments save the misconduct charge were dismissed and the State entered an appeal as to each of the dismissed indictments.[5] Suter has moved to dismiss the appeal.

It is apparent that jeopardy attached when the jury was impaneled and sworn. *Illinois v. Somerville, supra; United States v. Jorn, supra; Blondes v. State, supra; Neal v. State, supra; State v. Rhodes, supra.*[6]

Thus, even if we were to agree with the State that the judge erred in dismissing the indictments, it would be to no avail,[7] because any retrial would be barred by the Constitutional proscription against double jeopardy.

The judge should have ruled on the motions prior to the impaneling and swearing of the jury.[8] His consideration for

---

5. Md. Courts & Judicial Proceedings Code Ann. § 12-302 (c) (1) provides:

"(c) In a criminal case, the State may appeal:

(1) From a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition. . . ."

6. Cases holding that jeopardy attaches to an indictment or count abandoned or dismissed during a trial by jury are, United States v. Kraut, 2 F. Supp. 16 (S.D.N.Y. 1932) (counts dismissed); Ex parte Scelles, 511 S.W.2d 300 (Tex. Crim. 1974) (count abandoned); Black v. State, 143 Tex. Crim. 318, 158 S.W.2d 795 (1942) (count dismissed); Gilliam v. State, 131 Tex. Crim. 8, 96 S.W.2d 86 (1936) (counts abandoned); State v. B———., 173 Wis. 608, 182 N. W. 474 (1921) (count withdrawn). *See also* Mead v. State, 110 So. 2d 504 (Fla. Dist. Ct. App. 1959); 22 C.J.S. *Criminal Law* § 257 (1961).

7. *But see* n. 1, *supra.*

8. Under new Md. Rule 736 e, effective July 1, 1977, the ruling on the motions must occur prior to trial. Inasmuch as trial commences with the

the "twenty-five people" he did not want to be "sitting around outside the courtroom in limbo" led him to commit the procedural error that allowed jeopardy to attach before he ruled on the motions. By so doing, he effectively precluded the State's right to have the appeal decided on the merits inasmuch as the matter has been mooted.

*Motion to dismiss appeal granted.*
*Costs to be paid by Baltimore*
*County.*

---

swearing of the jury, or in a non-jury trial, with the receipt of evidence, the judge should rule on the motions prior to that point in time, else the question of double jeopardy might once again rear its head.