494 A.2d 680

**In re HERBERT B.**

**No. 73, Sept. Term, 1984.**

Court of Appeals of Maryland.

July 12, 1985.

Gary S. Offutt, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

James G. Klair, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and EDWARD D. HIGINBOTHAM, Associate Judge of the Third Judicial Circuit (retired), Specially Assigned.

COLE, Judge.

We granted certiorari in this case to consider whether a court may enter a judgment of restitution and impose court costs in a juvenile proceeding after that court has dismissed the matter.

We distill the following facts from the record. In late 1982, a Prince George's County laundromat was broken into, and certain property was stolen, damaged, or de-

stroyed. Shortly thereafter, police apprehended the sixteen year old appellant, Herbert B., along with two other juveniles. On March 21, 1983, the Circuit Court for Prince George's County, sitting as a juvenile court, conducted an adjudicatory hearing. The court at this hearing found that appellant had been involved in "storehouse breaking, $5 or upward," petty theft, and destruction of private property. That court ordered the Juvenile Services Administration to conduct an investigation, imposed court costs, and directed that a restitution hearing be held.

On April 20, 1983, less than a month after the adjudicatory hearing, a restitution hearing was held before a master who, in her report and recommendation, assessed restitution at $228.50. Later that same day, the circuit court conducted a disposition hearing, at which time the court determined that appellant was not in need of treatment or guidance, and therefore was not a delinquent child despite his commission of a delinquent act. The court, however, directed that appellant and his mother pay $228.50 restitution to the proprietor of the laundromat.

Before the Court of Special Appeals, appellant raised the issue of whether a court could enter a judgment of restitution and impose court costs after the case has been dismissed. The intermediate appellate court discussed the matter of restitution but made no mention of the court costs aspect of appellant's argument.[1] The court held that the criteria for the entry of a judgment of restitution are a finding that the child committed a delinquent act and that the property of another was stolen, damaged, or destroyed. Because appellant met these criteria, the Court of Special Appeals affirmed the decision of the lower court. *In re Herbert B.*, 58 Md.App. 24, 472 A.2d 95 (1984).

---

1. The reason, it seems to us, is obvious. Not only were the court costs imposed at the adjudicatory hearing, but they were paid by appellant prior to the disposition hearing. The issue of court costs was not an issue to be resolved but had been settled without objection before the April 20, 1983 disposition hearing. We therefore do not address that issue.

I

■ To place the issue in this case in proper perspective, a brief overview of the three types of hearings (adjudicatory, disposition, and restitution) here involved is necessary. An adjudicatory hearing is "a hearing to determine whether the allegations in the petition, other than allegations that the child requires the court's assistance, treatment, guidance or rehabilitation, are true." Md.Code (1984 Repl.Vol.), § 3–801(b) of the Courts and Judicial Proceedings Article [hereinafter cited as one Courts Article]. As may be gleaned from this definition, the primary purpose of this particular hearing is to ascertain the merits of the allegations in the petition. *See, e.g., In re Ernest J.*, 52 Md.App. 56, 60, 447 A.2d 97, 100 (1982); *In re Roberts*, 13 Md.App. 644, 649, 284 A.2d 621, 624 (1971) (quoting *In re Wooten*, 13 Md.App. 521, 526, 284 A.2d 32, 34 (1971)). Stated differently, an adjudicatory hearing is held to determine whether the child [2] committed the "delinquent act" alleged in the petition. A delinquent act, as defined in § 3–801(k), is "an act which would be a crime if committed by an adult." Finally, § 3–819 sets forth the various burdens of proof in an adjudicatory hearing.[3]

---

**2.** Md.Code (1984 Repl.Vol.), § 3–801(d) of the Courts and Judicial Proceedings Article [hereinafter cited as the Courts Article] defines "child" as "a person under the age of 18 years."

**3.** Section 3–819 of the Courts Article provides in its entirety:
§ 3–819. Adjudication.
(a) After a petition or citation has been filed, and unless jurisdiction has been waived, the court shall hold an adjudicatory hearing.
(b)(1) Before a child is adjudicated delinquent, the allegations in the petition that the child has committed a delinquent act must be proved beyond a reasonable doubt.
(2) Before a child is found to have committed the violation charged in a citation, the allegations in the citation must be proved beyond a reasonable doubt.
(c) If an adult is charged under this subtitle, the allegations must be proved beyond a reasonable doubt.
(d) In all other cases the allegations must be proved by a preponderance of the evidence.

■■■ If the court at the adjudicatory hearing determines that the child committed the delinquent act alleged in the petition, a separate disposition hearing must be conducted unless all parties waive their right to that hearing in writing. Courts Article § 3–820(a); [4] *see Parojinog v. State,* 282 Md. 256, 261, 384 A.2d 86, 88 (1978); *In re Dan D.,* 57 Md.App. 522, 528, 470 A.2d 1318, 1321 (1984). Section 3–801(n) defines a disposition hearing as "a hearing to determine: (1) [w]hether a child needs or requires the court's assistance, guidance, treatment or rehabilitation; and if so (2) [t]he nature of the assistance, guidance, treatment or rehabilitation." In turn, § 3–801($l$) defines "delinquent child" as "a child who has committed a delinquent act and requires guidance, treatment, or rehabilitation." A fair reading of these statutes indicates that a child can be classified as a "delinquent child" only after the court at the adjudicatory hearing finds that the child has committed a delinquent act and the court at the disposition hearing determines that the child is in need of the court's assistance, guidance, treatment, or rehabilitation. *See In re Ernest J., supra,* 52 Md.App. at 61, 447 A.2d at 100.

■■■ A third proceeding, a restitution hearing, is required under § 3–829(a) where the victim seeks restitution against the parent of a child or the child. Section 3–829(a) provides:

(a) The court may enter a judgment of restitution against the parent of a child, or the child in any case in which the court finds a child has committed a delinquent act and during the commission of that delinquent act has:

(1) Stolen, damaged, or destroyed the property of another;

---

4. Section 3–820(a) of the Courts Article states:

(a) After an adjudicatory hearing the court shall hold a separate disposition hearing, unless the petition or citation is dismissed or unless such hearing is waived in writing by all of the parties. The disposition hearing may be held on the same day as the adjudicatory hearing, if notice of the disposition hearing, as prescribed by the Maryland Rules, is waived on the record by all of the parties.

(2) Inflicted personal injury on another requiring the injured person to incur medical, dental, hospital, or funeral expenses.

Although this hearing is distinct in function and purpose from the adjudicatory and disposition hearings, it may be held "as part of" or "contemporaneously with" either the adjudicatory or disposition hearing. *Id.* § 3–829(e); Md. Rule 918 a; *see In re Dan D., supra,* 57 Md.App. at 528, 470 A.2d at 1321.

With this brief overview in mind, we turn to appellant's argument. Appellant contends that the court at the disposition hearing erred in entering a judgment of restitution after it had dismissed the matter. In support of this contention, appellant directs our attention to the following comments made by the court at the disposition hearing:

[THE COURT]: Okay. Well, very frankly, after reviewing the report [of the Juvenile Services Administration], it seems to me that he really doesn't need any particular care and treatment. The court is going to find as a fact that he does not need care and treatment. *Therefore, the matter will stand dismissed.*

And now there is a minor problem here in that restitution was ordered in the amount of $228.50, which I note from [the] face of the order he wants to appeal. If I dismiss the case I am not even sure that the court has jurisdiction to order restitution. [Emphasis supplied.]

After a brief exchange among the court, the State, and appellant's counsel, the court continued:

I think the court will reiterate what I said before. I will find as a fact he is not in need of care and treatment, and the matter will be dismissed. However, at the same time, there is a restitution order here in the amount of $228.50 recommended by the master.

Was there any question about the dollar amount? MRS. BAGARIA [Appellant's counsel]: No, your Honor, that was an agreement of the parties.

The record indicates that the court then signed a restitution order in the amount of $228.50.

Unfortunately, the court used the word "dismiss." Appellant urges us to interpret this word as if the court were concluding the proceeding and thereby dismissing the petition. As we see it, this is not the context in which the court used the word "dismiss."

It had already been decided at the adjudicatory hearing that the child had committed the delinquent acts alleged in the petition. The court had ordered a hearing to determine if the child and his parent should be required to make restitution. Obviously, the court at the disposition hearing felt the need to determine for the record whether the child was delinquent and thereby required further supervision by the court or the Juvenile Services Administration. The court flatly decided that the child was not delinquent, and then declared that "the matter will stand dismissed." In our view, this "dismissal" was an indication for the record and the parties that the child was not delinquent, and hence that issue was resolved (dismissed). Thus, the court in no sense was acting upon the petition itself, but only determining the fundamental issue involved in a disposition hearing. The court made that much clear when it reiterated that "I will find as a fact [appellant] is not in need of care and treatment, and the matter will be dismissed." We therefore reject appellant's argument.

## II

Despite our analysis of what the court meant in its colloquy with the parties, appellant maintains that the court at the disposition hearing had to find him a "delinquent child" before it could enter a judgment of restitution under § 3–829(a) of the Courts Article. In our view, the plain language of this statute provides a clear answer to this question. Section 3–829(a) establishes two unambiguous criteria for the entry of a judgment of restitution. First, the court must find that the child has committed the "delinquent act" alleged in the petition. Second, the court must

also find that during the commission of the delinquent act the child has stolen, damaged, or destroyed the property of the victim.[5]  Once the court makes both findings, it can proceed to enter a judgment of restitution.

■ The structure and purposes of the Juvenile Causes subtitle likewise support the view that § 3–829(a) does not require that a child be adjudicated a delinquent child as a predicate for ordering restitution.  As an initial matter, § 3–829(e) states that a restitution hearing may be held as part of an adjudicatory or disposition hearing for the child.  As noted previously, the court at an adjudicatory hearing does not sit to determine whether a child is a delinquent child; rather, this determination is made by the court at a disposition hearing.  Manifestly, because Maryland law authorizes the entry of a judgment of restitution at an adjudicatory hearing, there is no statutory requirement that a child be adjudicated a delinquent child as a predicate for ordering restitution.

■ Moreover, a stated purpose of the Juvenile Causes subtitle is to provide for a program of rehabilitation consistent with the child's best interests and the protection of the public interest.  *Id.* § 3–802(a)(1).  Section 3–820(b) reinforces this purpose by mandating that "[t]he priorities in making a disposition are the public safety and a program of treatment, training, and rehabilitation best suited to the physical, mental, and moral welfare of the child consistent with the public interest."  In concert with this legislative purpose, restitution is rehabilitative in several important respects.  For example, restitution impresses upon the child the gravity of harm he has inflicted upon another, and provides an opportunity for him to make amends.  In addition, restitution makes the child accountable for his acts by leading him to realize the seriousness of such acts and to

---

**5.** The court may also enter a judgment of restitution when it finds that the child has committed a delinquent act and during the commission of the delinquent act the child has inflicted personal injury on another, requiring the injured person to incur medical, dental, hospital, or funeral expenses. *See* Courts Article § 3–829(a).

accept responsibility for them. Finally, an obvious purpose of restitution is that it compensates the victim for the child's delinquent act. *See Charles S. v. Superior Court of Los Angeles County,* 32 Cal.3d 741, 653 P.2d 648, 187 Cal.Rptr. 144 (1982) (discussing purposes of restitution in juvenile cases). Properly viewed, restitution is beneficial to both the child and to his victim.

■■ Here, the court at the adjudicatory hearing found that appellant had committed a "delinquent act" as that phrase is defined in § 3–801(k). Later, at the disposition hearing, the court found that appellant was not a delinquent child. Nevertheless, because appellant was found to have committed a delinquent act and during the commission of that delinquent act had stolen, damaged, or destroyed the property of another, the court properly ordered restitution. We therefore agree with the Court of Special Appeals in this case that the court at the disposition hearing did not err in ordering the appellant and his mother to make restitution to the proprietor of the laundromat for the damage that had been done. *See In re Herbert B., supra,* 58 Md.App. at 30, 472 A.2d at 98.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED.

APPELLANT TO PAY THE COSTS.