505 A.2d 504

**In re LESLIE M., Nathan C., Steven R. and Tammy L.**

**No. 82, Sept. Term, 1985.**

Court of Appeals of Maryland.

March 6, 1986.

Mark Colvin, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on brief), Baltimore, for appellee.

Argued before SMITH, Senior Judge, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

COUCH, Judge.

We shall here hold that a judge presiding over juvenile causes has the authority to vacate a prior order adjudicating a child to be delinquent after the successful completion of a period of probation.

Preliminarily, we must consider a motion to dismiss filed by the State based on its contention that these appeals are from the denial of motions to modify and are thus not appealable. We reject this argument since we do not view the motions as requests for modification; we believe they are motions to vacate. Accordingly, we deny the motion to dismiss.

Turning to the merits, the question we decide today is common to certain juvenile matters which were consolidated for appeal purposes. These cases are titled:

In Re: Leslie M. and Nathan C.

In Re: Steven R.

In Re: Tammy L.

The four cases arose from decisions in the Circuit Court for Baltimore City where Judge David B. Mitchell, sitting in the Juvenile Division, held that a judge sitting in such division

lacked authority to vacate a finding of delinquency subsequent to a disposition hearing. Appeals were taken in each of the four cases to the Court of Special Appeals where they were consolidated. We issued the writ of certiorari on our own motion in order to answer a question of public importance.

The facts giving rise to the question before us may be quickly stated. In each of the four matters, after hearings on petitions, each child was adjudicated to be a delinquent child and placed on probation for six months, with the exception of Tammy L. who received a one year period of probation. Each of the orders also provided that the cases were "set for Court review" on a date certain, generally at the end of six months.

Approximately six months after the adjudicatory and disposition hearings, the cases came on for hearing before various masters. In three of the four cases the masters recommended that the previous finding of delinquency be vacated. In the case of Tammy L. the master refused to do so on the basis there was no authority therefor. When the master's recommendations reached Judge David Mitchell, who was then presiding over juvenile causes, he held that there was no authority to "vacate a finding of delinquency subsequent to the disposition hearing." In reaching this conclusion Judge Mitchell recognized that Md. Rule 916(a) [1] provides for the vacation or modification of an order of the court if it is found to be in the best interest of the child or the public. Nevertheless, he then opined:

"The problem, it seems, surrounds the meaning of the word 'order' as it is used in the rule. *Black's Law*

---

1. Md. Rule 916(a) provides:
   "a. *Revisory Power.*
   An order of the court may be modified or vacated if the court finds that action to be in the best interest of the child or the public, except in cases involving commitment of a child to the Department of Health and Mental Hygiene for placement in a State mental hospital. In cases involving such commitment the court shall proceed as provided in Rule 915."

*Dictionary,* Fifth Edition 1979 defines 'order' thusly; 'Direction of a court or judge made or entered in writing, and not included in a judgment.' This definition contrasts sharply with that of the word 'finding'. Finding is defined as a 'decision upon a question of fact reached as the result of a judicial examination or investigation by a court ...'. *Black's* supra.

These definitions make it abundantly clear that when Maryland Rule 916(a) is given its 'natural and ordinary signification' it cannot be reasonably construed to encompass the word 'finding'. It is equally clear, then, that Maryland Rule 916(a) does not apply to 'findings of delinquency'.

The inquiry does not stop here, however. Maryland Rule 916(a) must be read within the context of the rest of Chapter 900 as well as the Juvenile Causes Act.

An examination of the enactments in question demonstrates that an interpretation of Rule 916(a) which gives the word 'order' its natural and ordinary meaning does not disrupt the harmony between that section and the remainder of Chapter 900. Nor does it conflict with either the letter or the spirit of the Juvenile Causes Act. In fact, if the proposed broader interpretation were adopted, it would make section 3–831(b), which specifies the one circumstance under which a delinquent finding may be expunged, somewhat superfluous. Further, the fact that the legislature saw fit to specifically delineate this circumstance speaks against engrafting such a broad interpretation on the rule.

There can be no question that there are practical advantages to the ability to vacate a finding of delinquency subsequent to the disposition hearing. However, this court must operate within the limits imposed upon it by the legislature. Rule 916(a) does not give the juvenile court the authority to vacate a finding of delinquency subsequent to the disposition hearing. Consequently ... this court shall refrain from doing so."

In our view, Judge Mitchell was in error; these juveniles were adjudicated delinquent children and placed on probation with a special condition providing for a further review approximately six months later. Indeed, if there had been no order of delinquency, there would have been no predicate for ordering of probation.

Md.Rule 911 governs juvenile proceedings where matters have been assigned to a master. Section a 2 provides that the findings, conclusions and recommendations of a master do not constitute orders or final action of the court. The rule also provides for exceptions to be taken to the master's findings, conclusions, recommendations or proposed orders. Here, the judge accepted the master's proposed orders which of necessity constituted orders adjudicating the juveniles as delinquent children. Thus it is patent that these juveniles, by court order, were adjudged to have committed a delinquent act and were delinquent children; these were the orders that the juveniles asked the court to vacate.

The same standards are used for interpreting rules of procedure as are used for interpreting statutes. *Pappas v. Pappas*, 287 Md. 455, 465, 413 A.2d 549, 553 (1980). Hence, related court rules, like statutes, will be construed to harmonize with each other and not produce unreasonable results. *Satchell v. State*, 54 Md.App. 333, 339–40, 458 A.2d 853, 857, *aff'd*, 299 Md. 42, 472 A.2d 457 (1984). By holding that a Rule 911 adjudicatory order is an order within the circuit court's Rule 916 revisory power, we maintain harmony and continuity throughout Chapter 900.

We are persuaded that given the stated focus of Courts and Judicial Proceedings Article, Title 3, Subtitle 8, Juvenile Causes, as set out in § 3–802(a)(2) and 3–802(b), our interpretation more faithfully adheres to the legislatively spelled out purposes of that subtitle. Section 3–802(a)(2) provides as one of the purposes, "To remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior." Subsection (b) provides that "[t]his subtitle shall be liberally construed to effectuate

these purposes." To view Rule 916(a) in as restrictive a fashion as did the trial judge does not comport with a liberal statutory construction; rather, it runs counter to the express language of the statute. Whenever possible, a rule should be construed in accordance with statutorily expressed legislative policy.

Accordingly, we hold that Judge Mitchell erred in his conclusion that the judge had no authority to vacate the adjudication of delinquency; an adjudication of delinquency is an "order" within the purview of Rule 916(a). Therefore, we shall reverse and remand these cases to the Circuit Court for Baltimore City for further proceedings to determine whether vacation of the orders of adjudication is in the best interest of the juveniles and the public.

JUDGMENTS REVERSED. CASES REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.