# EDWARD DANIEL SIMPSON *v.* STATE OF MARYLAND

[No. 1539, September Term, 1982.]

*Decided June 17, 1983.*

The cause was submitted on briefs to LOWE and ALPERT, JJ., and FREDERICK A. THAYER III, Associate Judge of the Fourth Judicial Circuit, specially assigned.

Submitted by *Patrick L. Rogan, Jr.,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Alice G. Pinderhughes, Assistant Attorney General, B. Randall Coates, State's Attorney for Worcester County,* and *Raymond R. Jarvis III, Assistant State's Attorney for Worcester County,* for appellee.

ALPERT, J., delivered the opinion of the Court.

The appellant, Edward Daniel Simpson, an adult, was found guilty by the Circuit Court for Worcester County sitting as a juvenile court of contributing to the delinquency of two minor girls. He was sentenced to a term of two years imprisonment on each charge, to run concurrent to one another. The sentence was suspended and appellant was placed on two years probation. On appeal he contends:

1. Trial of the defendant in juvenile court subjected him to cruel and unusual punishment;
2. The juvenile court did not have jurisdiction to try the defendant; and
3. There was no legally sufficient evidence to convict the defendant of contributing to the delinquency of a minor.

With respect to the first two contentions, appellant raises these issues for the first time on appeal. Because of our decision on the third contention, we shall not address them.

*Contributing to the Delinquency of a Minor—Sufficiency of the Evidence*

Trial of the case proceeded on "a stipulation of facts". From that "stipulation" the trial judge could have concluded that the appellant and his brother had invited two minor girls to their home, offered them beer and caused the beer to be transferred to the minors. Appellant claimed that the minors never consumed alcoholic beverages, nor had them in their possession, charge or control, and that the beer was simply available to anyone at the house who wanted it.

Simpson was charged in a two-count juvenile petition as follows:

> 1. That on or about the 22nd day of May, 1982, in Worcester County, Maryland, the said Edward Daniel Simpson, of the age of 27 years, did wilfully contribute, encourage and cause the condition of a child to wit: Lisa. . . of the age of 14 years, *which would render the child to be delinquent,* in violation of Cts. & Jud. Proc. Vol., Section 3-831 of the Annotated Code of Maryland; contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State. (emphasis added).

Under Count No. 2, he was similarly charged with respect to Billy Jo, age 15.

Md. Cts. & Jud. Proc. Code Ann. § 3-831 provided at the time of the offense:

*Contributing to certain conditions of child.*

> (a) It is unlawful for an adult wilfully to contribute to, encourage, cause or tend to cause any act, omission, or condition which renders a child delinquent, in need of supervision, or in need of assistance.

> (b) A person may be convicted under this section even if the child has not been adjudicated delin-

quent, in need of supervision, or in need of assistance. However, the court may expunge a delinquent adjudication from the child's record and enter it as a finding in the adult's case.

(c) An adult convicted under this section is subject to a fine of not more than $500 or imprisonment for not more than two years, or both. The court may suspend sentence and place the adult on probation subject to the terms and conditions it deems to be in the best interests of the child and the public.

We hold that under the facts of this case appellant could *never* have been convicted as charged. We explain.

Under § 3-831, a two pronged examination must be made by the trial judge. Initially, it must be determined that an adult willfully contributed to, encouraged, caused or tended to cause an act, omission or condition. Secondly, it must be determined that the act, omission, or condition rendered a child delinquent, in need of supervision, or in need of assistance. Both aspects must be proven beyond a reasonable doubt. Maryland Rule 914 (e) (2).

In the instant appeal, Simpson was charged with rendering the minor girls to be delinquent, and *not* charged with rendering them in need of supervision or in need of assistance. A delinquent child is defined in Md. Cts. & Jud. Proc. Code Ann. § 3-801 (1) as a child who has committed a delinquent act *and* requires guidance, treatment or rehabilitation. A delinquent act is defined in subsection (k) of that same provision as an act which would be a crime if committed by an adult. The minor girls were thus made the subjects of the charging document in the case *sub judice.*

In order to convict Simpson, as charged, it would have to be shown that the child had committed an act which would be *a crime if committed by an adult* and that the child "required *guidance, treatment* or *rehabilitation.*" (emphasis added). But, possession and consumption of beer by an adult was clearly not a crime in this jurisdiction at the time of the offense. *A fortiori,* the act committed by the minors would

not be a crime if committed by an adult and as such was not a delinquent act as defined in the statute. Additionally, the statement of facts failed to show and the trial judge did not find that either child required guidance, treatment or rehabilitation. Even if the evidence showed that one or both of the girls required guidance, treatment or rehabilitation, as the act itself was not a "delinquent act", the child could not be rendered delinquent. Accordingly, Simpson could not, under the juvenile petition as stated and facts presented, be found to have done anything which would render the minor girls delinquent. "No man may be held guilty of violating a statute unless the act with which he is charged comes plainly within both the letter and the spirit of the statute." *State v. Sinclair and Sinwellan Corp.*, 274 Md. 646, 669, 337 A.2d 703 (1975).

### Contributing To An Act Which Renders A Child In Need of Supervision

A "child in need of supervision" includes a child who requires guidance, treatment or rehabilitation and has committed *an offense applicable only to children. See,* Md. Cts. & Jud. Proc. Code Ann. § 3-801 (f). Had the appellant been charged with rendering the minors "in need of supervision", the trial court, if presented with evidence that the child required "guidance, treatment or rehabilitation", might have convicted the defendant, since possession of beer by persons under the age of 18 was "an offense applicable only to children." Md. Ann. Code art. 27, § 406A. But, he was not so charged.

### The Record

We make a final observation in closing. Although § 3-831 (b) makes clear that the minor child does not have to be adjudicated delinquent, in need of supervision or in need of assistance, upon convicting an adult under the statute we believe that the better practice would be for the trial judge to at least place on the record a determination that the minor

child involved could be found to be delinquent, in need of assistance or in need of supervision as a result of acts or omissions by the accused and the specific reasons therefor.

*Judgment reversed; Worcester County to pay the costs.*