521 A.2d 329

**In re NEIL C.**

**No. 93, Sept. Term, 1986.**

Court of Appeals of Maryland.

March 2, 1987.

Nancy B. Shuger, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Paul A. McGuckian, Co. Atty. for Montgomery County, Alan M. Wright, Sr. Asst. Co. Atty., Rosemary Ross, Acting Asst. Co. Atty., on the brief), for appellant Montgomery County Dept. of Social Services.

Jeffrey Hannon, Silver Spring, for appellant Mother of Neil C.

Rochelle Schneider, Rockville, for appellee.

Argued Before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE and ADKINS, JJ.

MURPHY, Chief Judge.

In *Bowling v. State,* 298 Md. 396, 470 A.2d 797 (1984), we held that the dismissal of a child in need of assistance (CINA) petition for insufficient evidence of sexual abuse precluded the State from criminally prosecuting the child's father for the same conduct. This case presents the converse of *Bowling:* Does the defendant's acquittal in the criminal case of child abuse and sex offense charges require the dismissal of the juvenile CINA petition based on the same conduct?

## I.

The Montgomery County Department of Social Services (Department) received a complaint that Michael had sexually abused his son, Neil. After an investigation, criminal charges were filed against Michael on August 1, 1985; one week later, the Department filed a CINA petition based on the alleged sexual abuse of Neil. The Department later amended the CINA petition to add a count alleging that enmeshed family relationships and emotional conflicts resulted in lack of proper care and attention to Neil's welfare.[1] Adjudication began on September 6, 1985 and involved a total of nine hearings, the last on March 27, 1986.

On February 13, 1986, the Circuit Court for Montgomery County acquitted Michael on the criminal charges. He then moved to dismiss the abuse count of the CINA petition based on *Bowling v. State, supra.* The juvenile court

---

1. The juvenile court dismissed this count for insufficient evidence. The Department did not appeal that ruling.

granted his motion, and the Department appealed. We granted certiorari prior to argument in the Court of Special Appeals.

## II.

In *Bowling v. State, supra,* we held that collateral estoppel barred a criminal prosecution after the dismissal of a CINA petition based on identical facts. 298 Md. at 405, 470 A.2d 797. In that case, Bowling's daughter accused him of sexual abuse, and the Charles County Department of Social Services filed a CINA petition based on her allegations. After a hearing, the circuit court dismissed the juvenile petition because the State had not proved by a preponderance of the evidence that sexual abuse had occurred. Thereafter the State indicted Bowling for sexual abuse of his daughter. *Id.* at 398–400, 470 A.2d 797. Because the State failed to prove the allegations of abuse in the CINA hearing, we held that it could not try again in the criminal proceedings. *Id.* at 405, 470 A.2d 797.

We first noted that collateral estoppel applies in criminal as well as civil cases. We then listed the three requirements that ordinarily must be met in order to apply the doctrine in a criminal case: 1) The first proceeding terminated in a final judgment; 2) the defendant was a party to both proceedings, and 3) the issue that the defendant seeks to preclude the State from relitigating must have been necessary to the decision in the first proceeding. We determined that the dismissal of the CINA petition satisfied these requirements, and thus, the State was estopped from prosecuting Bowling on the criminal charges. *Id.* at 401–03, 470 A.2d 797.

Implicit in this analysis was our recognition that the State has a greater burden of proof in a criminal proceeding than in a CINA case. If the State could not demonstrate by a preponderance of the evidence that Bowling had sexually abused his daughter, then it could not prove beyond a reasonable doubt that the abuse had occurred. Thus, the

State's failure to meet the lower standard of proof in the CINA case precluded the criminal prosecution. *See id.* at 404–05, 470 A.2d 797.

Michael argues that if the State failed to prove beyond a reasonable doubt that he had abused his son, it should not be afforded another opportunity to demonstrate by a preponderance of the evidence that the abuse did occur. We disagree.

 Clearly Michael has satisfied the first two requirements stated in *Bowling, supra:* The acquittal in the first proceeding was a final judgment, and he was a party to both proceedings. The third requirement is not met, however. His acquittal on the criminal charges does not prove his innocence; rather it reflects the State's inability to prove its case beyond a reasonable doubt. *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 361, 104 S.Ct. 1099, 1104, 79 L.Ed.2d 361 (1984). In the CINA proceeding, the State must demonstrate by a preponderance of the evidence that Michael abused his son. Maryland Code (1973, 1984 Repl.Vol.), § 3–819(d) of the Courts & Judicial Proceedings Article. Because the burden of proof is lower in the second proceeding, the issue to be determined by that proceeding is not identical with that determined by the acquittal. *See Maryland St. Bar Ass'n v. Frank,* 272 Md. 528, 535–36, 325 A.2d 718 (1974); *Scott v. State,* 238 Md. 265, 276, 208 A.2d 575 (1965).

This conclusion is consistent with our previous decisions. For example, in *Scott, supra,* we upheld the revocation of Scott's probation despite his acquittal on the criminal charges on which the court based its decision to revoke probation. We noted that the court could revoke probation if it were reasonably satisfied that the probationer had violated the terms of probation. Because the violation did not have to be proved beyond a reasonable doubt, Scott's acquittal did not preclude the revocation. 238 Md. at 276, 208 A.2d 575. Similarly, in *Frank, supra,* we rejected Frank's assertion that his acquittal in a criminal case pre-

cluded disbarment proceedings based on the same conduct because, *inter alia,* the disciplinary proceeding used a lower standard of proof than the criminal proceeding. 272 Md. at 535–36, 325 A.2d 718 (quoting *In re Pennica,* 36 N.J. 401, 177 A.2d 721, 730 (1962)).

The United States Supreme Court has also refused to apply collateral estoppel in civil proceedings following acquittals on criminal charges. *E.g., 89 Firearms, supra; One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972); *Helvering v. Mitchell,* 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938). In all three cases, the Court specifically found that the lower burden of proof in the subsequent civil proceeding precluded the application of collateral estoppel. *89 Firearms, supra,* 465 U.S. at 362, 104 S.Ct. at 1104; *Cut Stones, supra,* 409 U.S. at 235, 93 S.Ct. at 492; *Mitchell, supra,* 303 U.S. at 397, 58 S.Ct. at 632.

Michael attempts to distinguish *89 Firearms* and *Cut Stones* because they involved in rem rather than in personam actions. Certainly the seizure of physical objects in each case technically gave the court jurisdiction. *See 89 Firearms, supra,* 465 U.S. at 363, 104 S.Ct. at 1105. The actions of the objects' owners, however, provided the basis for the seizure and subsequent forfeiture action as well as the prior criminal proceeding. *See id.* at 363–64, 104 S.Ct. at 1105–06. Unless the forfeiture amounted to punishment rather than a civil sanction, the government could pursue the forfeiture despite the owner's prior acquittal. *Id.* at 362, 104 S.Ct. at 1104. Thus, the Court did not consider the different jurisdictional bases of the two proceedings in determining the applicability of collateral estoppel.

■ Michael attempts to characterize the CINA petition as a criminal charge. He contends that the following factors make a CINA proceeding criminal in nature: the seriousness with which society views child abuse, the court's authority to impose sanctions, the right to be represented by counsel, and the availability of the fifth amend-

ment privilege against self-incrimination. Thus, according to him, double jeopardy principles bar that proceeding after his acquittal. We do not agree.

Michael mistakes the nature and purpose of a CINA proceeding. Section 3–802(a)(1) of the Courts Article clearly establishes that the legislature enacted the Juvenile Causes subtitle to protect children and promote their best interests. It had no intention to punish the parents of children in need of assistance under that subtitle. Although Michael correctly notes that the juvenile court has the power to impose sanctions on him, it cannot imprison or fine him for the child abuse. Rather, the statute limits the court's authority over him to orders designed to protect the child. §§ 3–820(b), 3–827. Furthermore, although sanctions such as visitation limits or support payments may be onerous, they do not rise to the level of punishment. Certainly they do not deprive Michael of his liberty or limit his ability to practice his profession. In both *Scott* and *Frank, supra,* we did not consider such sanctions sufficiently severe to label them punishment for double jeopardy purposes.[2]

■ Similarly, the safeguards available to parties in CINA proceedings do not transform them into criminal actions. Michael does have the right to assistance of counsel. The Juvenile Causes Act grants this right, however, and not the federal or state constitution. § 3–821 of the Courts Article; *see also* S. Leviton & L. Waranch, *Advocating for Children and Families in Child in Need of Assistance (CINA) Proceedings* 141 (1985) (Maryland's statutory right to counsel in juvenile proceedings broader than that

---

**2.** Michael also argues that the listing as a child abuser in the central registry required by Maryland Code (1984), § 5–911 of the Family Law Article constitutes punishment. The regulations governing maintenance of the registry, however, prohibit the listing of a person as a suspected abuser unless that person has been convicted of child abuse. COMAR 07.02.07.08B(2). Therefore, a finding that his son needs assistance would not permit the Department of Human Resources to list Michael as a child abuser.

required by Supreme Court decisions). Furthermore, any witness in any proceeding can invoke the fifth amendment privilege against compelled self-incrimination. *In re Criminal Investigation No. 1–162,* 307 Md. 674, 683, 516 A.2d 976 (1986). Although Michael can invoke this privilege, it does not arise because the CINA petition alleges that he committed acts which could constitute a crime. In sum, a CINA petition does not amount to a criminal charge for double jeopardy purposes.

*JUDGMENT REVERSED; CASE REMANDED TO THE DISTRICT COURT OF MARYLAND FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION; APPELLEE TO PAY COSTS.*