537 A.2d 263

**In re JOHN P. and Thomas P.**

**No. 122, Sept. Term, 1986.**

Court of Appeals of Maryland.

Feb. 24, 1988.

José F. Anderson and George E. Burns, Jr., Asst. Public Defenders (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Clarence W. Sharp, Assigned Public Defender, Annapolis, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH,* McAULIFFE and ADKINS, JJ.

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

ELDRIDGE, Judge.

Maryland Rule 916 a provides that, in a juvenile proceeding, "[a]n order of the court may be modified or vacated if the court finds that action to be in the best interest of the child or the public...." This case presents the question of whether Rule 916 a authorizes a judge to reconsider an order dismissing a CINA case on the merits.[1]

On November 29, 1985, two petitions were filed in the Juvenile Division of the District Court of Maryland, sitting in Montgomery County, asserting that two minors, John and Thomas P., were "children in need of assistance."[2] The CINA petitions alleged that John P. had been physically abused by his mother and that, as a result of this alleged mistreatment, both John and Thomas P. were living in conditions dangerous to their physical and emotional well-being. Under Maryland Code (1957, 1984 Repl.Vol.), § 3-801(q) of the Courts and Judicial Proceedings Article, the individual parties to the action were John and Thomas P., and Mrs. P. (their mother).

At the hearing before the District Court, the State and the children presented evidence designed to establish that John P. had been physically abused by his mother and that, therefore, both John and Thomas P. were children in need of assistance. Mrs. P., in contrast, denied that she had caused John's injuries. Mrs. P. testified at the hearing that she did not know how John's injuries occurred. She speculated that perhaps they had been caused by a fall. Follow-

---

1. "CINA" refers to "child in need of assistance." *See* note 2, *infra.*

2. Maryland Code (1957, 1984 Repl.Vol.), § 3-801(e) of the Courts and Judicial Proceedings Article defines a "child in need of assistance" as "a child who requires the assistance of the court because
    (1) He is mentally handicapped or is not receiving ordinary and proper care and attention, and
    (2) His parents, guardian, or custodian are unable or unwilling to give proper care and attention to the child and his problems provided, however, a child shall not be deemed to be in need of assistance for the sole reason he is being furnished nonmedical remedial care and treatment recognized by State law."

ing the presentation of evidence, the court stated that it could not find, by a preponderance of the evidence, that Mrs. P. had caused John's injuries. As a result of this conclusion, the court decided that John and Thomas were not in need of assistance. The court dismissed the petitions on January 8, 1986.

Eight days after the court's dismissal, counsel for the children filed a motion for reconsideration of the court's order, relying on Rule 916 a as authority. Counsel for Mrs. P. filed an opposition to the motion, and subsequently a hearing was held before the District Court. At the hearing, the State joined with counsel for the children, supporting the motion for reconsideration.

At the conclusion of the hearing on the reconsideration motion, the court held that it had no authority to reconsider its earlier dismissal of the case on the merits. The court expressed the view that Rule 916 a was limited in scope to reconsidering orders involving continuing court supervision (e.g., a custody order or a commitment to an institution) or orders involving dismissal for a technical reason (e.g., want of prosecution or a time constraint that had expired).

John and Thomas P. appealed to the Court of Special Appeals. Before any proceedings began in that court, we issued a writ of certiorari.

In this Court, John P. and Thomas P., joined by the State, argue that the plain language of Rule 916 a "mandate[s] the conclusion that the order dismissing the petitions was subject to reconsideration." (Appellants' brief p. 3). Appellants suggest that the trial judge's contrary conclusion was based on the judge's view that reconsideration of the evidence and decision would violate double jeopardy principles, and they contend that the double jeopardy prohibition is inapplicable here (id. at pp. 3–5). The appellee Mrs. P., on the other hand, maintains that a CINA proceeding should be treated like a criminal proceeding for purposes of a dismissal on its merits and that double jeopardy principles do

preclude reconsideration of a dismissal for insufficient evidence. (Appellee's brief pp. 7–11).

The language of Rule 916 a is broad; a judge may modify or vacate a court order if it is in the best interest of the child. The order dismissing the CINA petitions was clearly a court "order" within the meaning of Rule 916 a. Consequently, if the court determines that it would be in the child's best interest to reconsider and either vacate or modify its earlier dismissal of a CINA petition on the merits, the plain language of Rule 916 a would seem to authorize such action.

In reaching this conclusion, we construe Rule 916 a liberally, in light of the overall legislative purposes set forth in the statute. These purposes focus on the best interests of child. *See* Code (1957, 1984 Repl.Vol.), § 3–802(a)(1) of the Courts and Judicial Proceedings Article.[3]

In *In re Leslie M.*, 305 Md. 477, 478, 505 A.2d 504, 505 (1986), we construed Rule 916 a broadly to conclude that "a judge presiding over juvenile causes has the authority [under Rule 916 a] to vacate a prior order adjudicating a child to be delinquent after the successful completion of a period of probation."[4] The Court went on to state (305 Md. at 481–482, 505 A.2d at 507):

---

**3.** Section § 3–802(a)(1) of the Courts and Judicial Proceedings Article sets forth the purposes of the subtitle: "[t]o provide for the care, protection, and wholesome mental and physical development of children coming within the provisions of this subtitle; and to provide for a program of treatment, training, and rehabilitation consistent with the child's best interest...." Section 3–802(b) provides that "[t]his subtitle shall be liberally construed to effectuate these purposes." *See In re Valerie H.*, 310 Md. 113, 527 A.2d 42 (1987); *In re Neil C.*, 308 Md. 591, 521 A.2d 329 (1987).

**4.** We note that the issue in this case is not precisely the same as the issue in *In re Leslie M.*, 305 Md. 477, 505 A.2d 504 (1986). In *Leslie M.*, four juveniles were adjudicated to be delinquent. Each was placed on probation, and a review date was set for the order. When the matter came on for hearing, a master refused to recommend vacation because, he asserted, the Rules contained no such authority. When the case reached the judge, he refused to vacate the finding of delinquency on the same basis. Thus, in *Leslie M.*, the judge refused to vacate a

"We are persuaded that given the stated focus of the Courts and Judicial Proceedings Article, Title 3, Subtitle 8, Juvenile Causes, as set out in § 3–802(a)(2) and 3–802(b), our interpretation more faithfully adheres to the legislatively spelled out purposes of that subtitle.... To view Rule 916(a) in as restrictive a fashion as did the trial judge does not comport with a liberal statutory construction; rather, it runs counter to the express language of the statute."

■ Mrs. P. argues that giving Rule 916 a this broad construction in the present case violates double jeopardy principles. She contends that Rule 916 a should not be construed to allow the State to attempt for a second time to prove its case. Mrs. P. relies on *Pugh v. State*, 271 Md. 701, 319 A.2d 542 (1974), which held that the double jeopardy prohibition bars further trial proceedings after an acquittal or equivalent adjudication on the merits in favor of the accused. In addition, *see, e.g., Smalis v. Pennsylvania*, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986); *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); *Wright v. State*, 307 Md. 552, 562–573, 515 A.2d 1157, 1162–1167 (1986); *Brooks v. State*, 299 Md. 146, 472 A.2d 981 (1984); *Block v. State*, 286 Md. 266, 407 A.2d 320 (1979). This principle is applicable to a dismissal or other order terminating a trial on its merits, based upon a holding that the State's evidence is insufficient, in a juvenile delinquency proceeding. *See In re Mark R.*, 294 Md. 244, 449 A.2d 393 (1982), and cases there discussed.

■ Generally, the double jeopardy prohibition only applies to bar criminal prosecutions. *United States v. One*

---

decision which had exercised jurisdiction over the children. In contrast, this case involves the refusal of the judge to reconsider an order dismissing the case on the merits. In *Leslie M.*, vacating the finding of delinquency removed the possibility of any sanction being imposed upon a party due to the finding. In this case, however, vacating the dismissal of the CINA petitions and subsequently finding the children to be in need of assistance would allow the court to order protective measures that affect the parties.

*Assortment of 89 Firearms,* 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984); *Maryland State Bar Association, Inc. v. Frank,* 272 Md. 528, 535–536, 325 A.2d 718, 722–723 (1974). *See* C. Torcia, 1 *Wharton's Criminal Law,* § 54, at 276–277 (14th ed. 1978); C. Whitebread, *Constitutional Criminal Procedure* 381–382 (1978). Ordinarily, the initial proceeding must have subjected the individual to the risk of punishment before a subsequent proceeding involving criminal sanctions is barred by double jeopardy principles. *See Parojinog v. State,* 282 Md. 256, 384 A.2d 86, 88 (1978).

A CINA proceeding is essentially civil in nature. Code (1974, 1984 Repl.Vol.), § 3–824(a) of the Courts and Judicial Proceedings Article. Nevertheless, the Supreme Court and this Court have recognized that the label of "civil" attached to a case by the Legislature will not preclude consideration of the actual nature of the proceeding, and that double jeopardy principles are sometimes applicable to civil juvenile proceedings. *See, e.g., Breed v. Jones,* 421 U.S. 519, 529, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346, 355 (1975); *In re Mark R., supra,* 294 Md. at 254–255, 449 A.2d at 399; *Parojinog v. State, supra,* 282 Md. at 263–264, 384 A.2d at 90. *See also In re Gault,* 387 U.S. 1, 49–50, 87 S.Ct. 1428, 1455, 18 L.Ed.2d 527, 558 (1967); *Matter of Spalding,* 273 Md. 690, 703, 332 A.2d 246, 253 (1975).

This case is not, however, like a delinquency proceeding or some CINS [5] proceedings where the State is prosecuting a child in a subsequent action based upon the conduct that was the basis of a prior action and which, if committed by an adult, would be criminal. Such an attempt by the State may well be precluded by double jeopardy principles. *See Breed v. Jones, supra,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346; *In re Mark R., supra,* 294 Md. 244, 449 A.2d 393; *Parojinog v. State, supra,* 282 Md. 256, 384 A.2d 86. *Cf. Bowling v. State,* 298 Md. 396, 470 A.2d 797 (1984). Here, it is the children who are seeking further proceed-

---

5. CINS refers to "child in need of supervision." *See* Code (1974, 1984 Repl. Vol.) § 3–801(f) of the Courts and Judicial Proceedings Article.

ings. Moreover, neither the first hearing nor the requested reconsideration proceedings involve allegations of misconduct by the children.

Mrs. P. is also a party to this action. *See* § 3–801(q) of the Courts and Judicial Proceedings Article. Because child abuse was alleged as the basis of the CINA petitions, the focus at the first hearing involved whether or not Mrs. P. committed the alleged child abuse. The judge could not find by a preponderance of the evidence that the abuse occurred.

■ While ordinarily a CINA proceeding is not a criminal action against a parent, the Maryland statute does allow the State to seek criminal sanctions against the parent in a juvenile action, including a CINA proceeding. *See* § 3–831 of the Courts and Judicial Proceedings Article.[6] Consequently a CINA case does have a criminal aspect to it.[7] Here, however, the State did not seek criminal sanctions against Mrs. P. in either the first proceeding or in the subsequent petition for reconsideration. When no sanctions of a criminal nature are sought by the State in either the first or the second proceeding, it would seem that the double jeopardy prohibition is inapplicable.[8]

---

**6.** Section 3–831(a) states that "[i]t is unlawful for an adult wilfully to contribute to, encourage, cause or tend to cause any act, omission, or condition which results in a violation, renders a child delinquent, in need of supervision, or in need of assistance." If convicted, the adult may be sentenced to up to three years in prison or fined up to $2500.

   Section 3–804(c) gives the adult charged under § 3–831, upon filing a motion in juvenile action, an absolute right to be "tried in the criminal court according to the usual criminal procedure."

**7.** *See, e.g., Simpson v. State,* 55 Md.App. 240, 461 A.2d 74 (1983); *In re App. No. 267,* 38 Md.App. 224, 380 A.2d 239 (1977).

**8.** It is clear that the State may not seek criminal sanctions against Mrs. P. on reconsideration. *Bowling v. State,* 298 Md. 396, 470 A.2d 797 (1984). Additionally, we do not address the situation in which the State invokes § 3–831 in the first CINA proceeding and thereafter seeks solely protective measures in a second proceeding. Whether, under such circumstances, double jeopardy principles would preclude reconsideration by the court after a dismissal in the first proceeding on the merits is an issue we do not reach.

When § 3–831 is not invoked, any potential "sanctions" that may be imposed against the parent because of a finding that the child is in need of assistance are civil in nature. Thus, the double jeopardy prohibition would appear to be inapplicable. *See One Assortment of 89 Firearms, supra,* 465 U.S. at 366, 104 S.Ct. at 1107, 79 L.Ed.2d at 370–371 (double jeopardy principles inapplicable because the forfeiture proceeding involved a civil and not a criminal sanction). *See also Maryland State Bar Association, Inc. v. Frank, supra,* 272 Md. at 535–536, 325 A.2d at 722–723.

The General Assembly has classified juvenile proceedings as civil and not criminal in nature. *See* § 3–824(a) of the Courts and Judicial Proceedings Article. Moreover, the legislative intention underlying a CINA proceeding is not to punish the parent; rather, the purpose is to protect the child and provide for his best interests. *See* § 3–802 of the Courts and Judicial Proceedings Article; *In re Neil C.,* 308 Md. 591, 521 A.2d 329 (1987). Additionally it cannot be said that the potential CINA "sanctions" are " 'so punitive . . . in . . . effect as to negate that intention.' " *One Assortment of 89 Firearms, supra,* 465 U.S. at 362–363, 104 S.Ct. at 1105, 79 L.Ed.2d at 368. The potential "sanctions" that might be imposed against Mrs. P. in this CINA proceeding, if the trial court reconsiders the petition on its merits, include limitation of visitation rights, loss of custody of her sons (§ 3–820), and an order "to pay a sum in the amount the court directs to cover" their support (§ 3–830). These "sanctions" are not in the nature of criminal sanctions. As we stated in *In re Neil C., supra,* 308 Md. at 597, 521 A.2d at 332:

"Although Michael [the father] correctly notes that the juvenile court has the power to impose sanctions on him, it cannot imprison or fine him for the child abuse. Rather, the statute limits the court's authority over him to orders designed to protect the child. . . . Furthermore, although sanctions such as visitation limits or support payments may be onerous, they do not rise to the level of punishment. Certainly they do not deprive Michael of his

liberty or limit his ability to practice his profession. In both *Scott* and *Frank, supra,* we did not consider such sanctions sufficiently severe for double jeopardy purposes."

Thus, the potential sanctions involved in the instant CINA case are neither criminal in purpose nor effect.

■ We hold, therefore, that granting the motion for reconsideration in this case would violate neither the Double Jeopardy Clause of the Fifth Amendment nor the Maryland common law double jeopardy prohibition.

■ In some cases, however, constitutional considerations other than the double jeopardy prohibition may preclude the availability of relief under Rule 916 a. For example, due process principles would limit the time period within which reconsideration may be granted. *Cf. State v. Berry,* 287 Md. 491, 499–501, 413 A.2d 557, 562–563 (1980). Similarly, due process principles would preclude the State from repeatedly seeking reconsiderations of the same petition.

■ Moreover, although we hold that a court has jurisdiction to reconsider a dismissal on the merits under circumstances like those here, we do not wish to imply that a court *must* reconsider its earlier dismissal of the petition merely because a party requests it to do so. Even where reconsideration may be authorized by the Rule and consistent with due process, the trial judge should still deny the motion if the moving party has not demonstrated a need for reconsideration in light of the best interest of the child. The party seeking reconsideration must make some showing that satisfies the court that its earlier dismissal may have been in error. *See, e.g., Clarke Baridon v. Union Co.,* 218 Md. 480, 483–484, 147 A.2d 221, 222–223 (1958); *Weaver v. Realty Growth,* 38 Md.App. 78, 82–83, 379 A.2d 193, 195–196 (1977); *Kaplan v. Bach,* 36 Md.App. 152, 158–159, 373 A.2d 71, 76 (1977). Furthermore, even if the court grants the motion for reconsideration, it may still ultimately determine that its initial conclusion was correct.

Whether counsel for the children demonstrated a need for the court to reconsider its dismissal of the CINA petition is an issue we do not reach since the court concluded that it did not have jurisdiction to consider such a motion. Consequently, we remand the case in order for the court to consider the merits of the motion for reconsideration.

ORDER OF THE DISTRICT COURT VACATED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO ABIDE FINAL RESULT.