THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
HENRY WILLIAMS, Defendant-Appellee.

First District (3rd Division)   No. 1—88—3114

Opinion filed December 5, 1990.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Bonnie Meyer Sloan, and Eileen Rubin, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

JUSTICE RIZZI delivered the opinion of the court:

The People of the State of Illinois appeal from an order of the circuit court which granted defendant Henry Williams' motion to suppress evidence. The sole issue on appeal is whether collateral estoppel precludes an issue from being litigated in a DUI criminal proceeding (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501), because the issue was decided previously in a statutory summary suspension hearing (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1). We reverse and remand.

On October 26, 1987, Chicago police officers Michael Brown and Fred McCad observed defendant slumped over the steering wheel of a stationary automobile. The officers ascertained that there had been an automobile accident and noted that the front end of defendant's vehicle was damaged. Brown testified that when he approached the vehicle in which defendant was sitting, he detected a strong odor of alcohol emanating from defendant. He also noted that defendant was the only person present in the auto and that the keys were in the ignition. When Brown asked defendant if he was alright, defendant did not respond.

Brown instructed defendant to step out of the car and asked him if he had been drinking. Defendant responded that he had not been drinking. However, Brown noted that defendant's speech was slurred. After talking with witnesses, Brown concluded that defendant was the driver of the automobile that was involved in the accident and placed him under arrest for driving under the influence of alcohol.

Brown's report indicated that defendant swayed and swaggered as he walked and that his balance was so poor that he had to be helped into the police car. In addition, Brown testified that based on his personal and professional experience it was his opinion that defendant was under the influence of alcohol at the time of his arrest. At the police station, defendant took a breathalyzer test which indicated that his blood-alcohol level was .10 or above. As a result, defendant's driving privileges were summarily suspended.

On December 9, 1987, defendant filed a request for a hearing to rescind the statutory summary suspension of his driver's license. A hearing was held on January 13, 1988. Following the hearing, the trial court held that there was no clear and convincing evidence that the arresting officer had probable cause to believe that defendant was under actual physical control of an automobile while under the influence of alcohol. As a result, the court rescinded the summary suspension of defendant's driving privileges.

Thereafter, defendant filed a motion to suppress in the DUI criminal proceeding alleging that the issue of probable cause had already

been litigated and resolved in his favor in the proceeding to rescind the summary suspension of his driving privileges. Defendant argued, therefore, that the State was precluded by the doctrine of collateral estoppel from offering any evidence in the DUI proceeding that was obtained after and pursuant to the arrest. The trial court agreed and ruled that because the issue of probable cause had been fully litigated between the parties in the statutory summary suspension hearing, collateral estoppel barred relitigation of the issue in the DUI proceeding. This appeal followed.

■ The appellee has not filed a brief. However, because the record is simple and the claimed error can easily be decided without the aid of an appellee's brief, we decide the merits of this appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

■ ▌The doctrine of collateral estoppel applies to bar the trial of an issue that has been fairly and completely resolved in a prior proceeding. (*People v. Borchers* (1977), 67 Ill. 2d 578, 582, 367 N.E.2d 955, 957.) The doctrine applies when a party or someone in privity with a party participates in two separate cases, and in the earlier case some controlling fact or question material to the determination of both cases has been adjudicated against one of the parties in the second case. (See *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 252, 461 N.E.2d 959, 962.) The Illinois Supreme Court recently, however, held that although a particular issue has been decided in a statutory summary suspension hearing it may be litigated again in a DUI criminal proceeding, and the doctrine of collateral estoppel will not bar the issue from being litigated in the DUI criminal proceeding. *People v. Moore* (1990), 138 Ill. 2d 162, 166.

The court in *Moore* based its ruling on the unique nature of the statutory summary suspension proceeding. The court found that the legislature created the statutory suspension hearing procedure to provide a prompt determination of whether the State has violated a motorist's due process rights, and that if summary suspension hearings were given preclusive effect, it would render the legislative purpose meaningless. The practical effect would be that the prosecutor could not rely on the sworn police report at the proceedings but, rather, would be required to have the arresting officer and other witnesses testify in order to avoid the preclusive effect of a finding of no probable cause. The goal of conducting swift hearings for the sole purpose of determining whether a court has sufficient reason to rescind summary suspension of a motorist's driving privileges would be thwarted. The court in *Moore* concluded, therefore, that the doctrine of collat-

eral estoppel cannot be used as a bar to litigation of the issue of probable cause in a DUI proceeding following the rescission of a statutory summary suspension.

■■ Since the trial court in the present case precluded the litigation of the issue of probable cause in the DUI criminal proceeding based on an erroneous conclusion that the doctrine of collateral estoppel was a bar, its ruling must be reversed. In fairness to the trial court, we note that the appellate court in *Moore* agreed with the trial court in the present case, but the supreme court reversed the appellate court in *Moore*.

Accordingly, the order of the trial court which granted defendant's motion to dismiss is reversed, and this matter is remanded to the circuit court for proceedings consistent with this opinion.

Reversed and remanded.

CERDA, P.J., and WHITE, J., concur.